IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENSY CAMPBELL and
TAQUAYLA RUCKER,

                Plaintiffs,

  v.                                            OPINION and ORDER

THE BOX OFFICE PROPERTIES, LLC,
dba THE BOXXX OFFICE, a Wisconsin Limited        21-cv-414-jdp
Liability Company; RICHARD ALLEN BICKLE, JR., an
individual, and DOES 1 through 10, inclusive,

                Defendants.[1]

---

Plaintiff Kensy Campbell alleges that her former employer, The Boxxx Office, failed to pay its exotic dancers minimum wages, took dancers' tips, and charged dancers fees to perform. Campbell brought this case as a proposed collective action under the Fair Labor Standards Act against The Boxx Office and its owner, Richard Bickle, Jr. Dkt. 1. After defendants filed their answer, another dancer at The Boxxx Office, Taquayla Rucker, filed written consent to join the lawsuit in accordance with 29 U.S.C.S. § 216(b). *See* Dkt. 14-1.

The parties have reached a settlement. Dkt. 16-2. Plaintiffs request court approval of their settlement agreement because many courts refuse to enforce FLSA settlement agreements that have not been supervised by the Department of Labor or scrutinized by a court. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Courts . . . have refused to enforce wholly private [FLSA] settlements.") The case will not proceed as a collective action.

---

[1] The court has amended the caption to reflect that Taquayla Rucker has joined the lawsuit.

The settlement concerns only the claims brought by Campbell and Rucker, who both signed the settlement agreement.

The court must review the settlement agreement to determine whether it "represents a fair and reasonable resolution of a bona fide dispute." *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp. 3d 960 (N.D. Ill. 2016). Factors considered when reviewing FLSA settlements include "the range of reasonableness of the settlement fund in light of the best possible recovery [and] all the risks of litigation," such as the risks of establishing liability and damages. *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (internal citations omitted).

The court concludes that the settlement meets the standard for approval. The settlement agreement provides that defendants will pay a total of $5,000, with $1,141.50 each going to Campbell and Rucker and $2,717 to plaintiffs' counsel for fees and costs. Dkt. 16-2, at 3–4. In exchange, Campbell and Rucker will release all claims arising from their work as dancers for the Boxxx Office. *Id.* at 5–6. The parties dispute whether plaintiffs were employees or independent contractors and whether fees paid for private dances were "tips" that belonged to plaintiffs. The settlement was a result of arm's length negotiation between counsel for the parties. Dkt. 16-1, ¶ 35. And the settlement amount is reasonable in light of the possible recovery and the risks of litigation. Campbell and Rucker worked only a few shifts at the Boxxx Office, and counsel estimates that Campbell's damages "were at most $2,000." *Id.* at ¶ 25. The risks of recovery were significant because neither plaintiff had documentation supporting the number of shifts they worked. *Id.* at ¶ 26.

Counsel's request for attorney fees, $2,250, represents 45 percent of the total settlement amount, which is greater than the standard one-third contingency fee. *See Butz v. Automation Sols. of Am., Inc.*, No. 16-cv-696-jdp, 2017 WL 5713986, at *1 (W.D. Wis. Nov. 7,

2017) (approving an FLSA settlement where plaintiff's counsel would "obtain the standard one-third contingency fee and no more"). But the requested fee is reasonable in light of the small amount of money involved and the work plaintiffs' counsel performed on the case. *See Hernandez v. Cameo Invs., LLC*, No. 19-cv-356-wmc, 2019 WL 5558434, at *1 (W.D. Wis. Oct. 28, 2019) (approving attorney fees of $6,500 on an FLSA settlement of $10,000). Plaintiffs' counsel spent 27.6 hours on the case, which included filing the complaint, conducting discovery, and negotiating a settlement. Dkt. 16-3. This translates to an effective hourly rate of around $82 per hour. The $467 in costs incurred by plaintiff's counsel for filing and service of process, Dkt. 16-4, is also reasonable.

The parties do not discuss the terms of dismissal in their motion or settlement agreement, so the court will dismiss the case without prejudice. After the settlement is executed, the parties may move to dismiss the case with prejudice if they wish.

ORDER

IT IS ORDERED that:

1. Plaintiffs' unopposed motion to approve the settlement agreement, Dkt. 16, is GRANTED.

2. Plaintiffs' claims are DISMISSED without prejudice. The clerk of court is directed to close this case.

Entered May 24, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

3